UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


EDWARD ARTHUR SURRATT,

                    Plaintiff,

v.                                        Case No. 3:05-cv-406-J-20TEM

RICHARD O. WATSON, etc.;
et al.,

                    Defendants.

_____

### ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate of the Florida penal system proceeding *pro se* and *in forma pauperis*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 on May 4, 2005. On the civil rights complaint form, Section IV.B. states the following: "Have you initiated other lawsuits in *federal court* dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?" There are parenthetical areas to mark either yes or no. However, Plaintiff has failed to utilized the civil rights complaint form, and therefore this Court is not apprised of his previously-filed cases.

This Court takes judicial notice of Plaintiff's previously-filed cases in federal court: 3:86-cv-408 (District of South Carolina); 3:95-cv-90-J-20JES (Middle District of Florida); 1:95-cv-52 (Southern District of Florida); 3:96-cv-899-10HTS (Middle District of Florida); and, 3:03-cv-564 (Northern District of Florida). In utilizing the enclosed civil rights complaint form, Plaintiff should follow the instructions on the form and inform the Court of the above-listed previously-filed cases and completely provide the information requested on the form, specifically set forth in Section IV.C. (1)-(8), with respect to the facts and claims of the previous lawsuits and the specific reasons for dismissal. The sophistication of Plaintiff's substantive arguments and his knowledge of the procedural rules convince this Court that Plaintiff <u>understands</u> the requirements of fully informing the Court regarding previous filings, the facts and claims of the previous lawsuits, and the specific reasons for dismissal. <u>See</u> Section IV.C. (1)-(8).

This Court has the authority to control and manage matters such as this pending before it. This Court firmly believes that Plaintiff must conform to acceptable standards in approaching this Court. The President of the United States, on April 26, 1996, signed into law several amendments significantly affecting prison litigation. These amendments are entitled the Prison Litigation Reform Act of 1995. Specifically, prisoners proceeding *in forma*

*pauperis* are prohibited from bringing a civil action or appeal if the prisoner has, on three or more prior occasions, while incarcerated, brought an action or appeal in a federal court that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. See Prison Litigation Reform Act of 1995, Section 804; 28 U.S.C. §1915(g).[1]

For these reasons, it is imperative that Plaintiff comply with the instructions of the civil rights complaint form. Thus, this Court is of the opinion that this case should be dismissed <u>without prejudice</u> to give Plaintiff the opportunity to refile a civil rights case in this Court, providing the above-described information with regard to previously-filed cases. If Plaintiff refiles, he should include, as previously-filed cases, any cases that have been filed prior to the initiation of his new case.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.    This case is hereby dismissed **without prejudice.**

2.    The Clerk of the Court shall enter judgment dismissing this case without prejudice.

---

[1]    This section is commonly referred to as the "three strikes" provision. See <u>Rivera v. Allin</u>, 144 F.3d 719 (11th Cir. 1998).

- 3 -

3.    The **Clerk of Court** shall send a Civil Rights Complaint

form and an Affidavit of Indigency form to Plaintiff.  In refiling,

Plaintiff shall either file a fully completed Affidavit of

Indigency (if Plaintiff desires to proceed as a pauper) **or** pay the

$250.00 filing fee (if Plaintiff does not desire to proceed as a

pauper).  Plaintiff should not place this case number on the forms.

The Clerk will assign a separate case number if Plaintiff elects to

refile his claims.

4.    The Clerk of Court shall close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this _____ day of

May, 2005.

_____
UNITED STATES DISTRICT JUDGE

sc 5/6
c:
Edward Arthur Surrratt

- 4 -